| | |
|---|---|
| 1 | Scott Wales (State Bar No. 179804) |
|   | scott.wales@hoganlovells.com |
| 2 | Sarah M. Jalali (State Bar No.244971) |
|   | sarah.jalali@hoganlovells.com |
| 3 | Hogan Lovells US LLP |
|   | 4 Embarcadero Center, 22nd Floor |
| 4 | San Francisco, California  9411 |
|   | Telephone:     (415) 374-2300 |
| 5 | Facsimile:       (415) 374-2499 |
| 6 | Theodore Remaklus (*Pro Hac Vice*) |
|   | tremaklus@whepatent.com |
| 7 | Wood, Herron & Evans, L.L.P. |
|   | 441 Vine Street |
| 8 | 2700 Carew Tower |
|   | Cincinnati, Ohio 45202 |
| 9 | Telephone: (513) 241-2324 |
|   | Facsimile:  (513) 421-7269 |
| 10 | |
| 11 | Attorneys for Defendant |
|   | KRACO ENTERPRISES LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | Case No. CV11-00355-EJD |
| Plaintiff, | **DEFENDANT KRACO ENTERPRISES LLC'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING A RULING ON THE MOTION TO DISMISS OR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| KRACO ENTERPRISES LLC | |
| Defendant. | |
| | Judge:        Hon. Edward J. Davila |
| | Date:          October 21, 2011 |
| | Time:         9:00 a.m. |
| | Courtroom:  Courtroom 1, 5th Floor |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that, on October 21, 2011, at 9:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Judge Edward J. Davila, at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, in Courtroom 1, 5th Floor, Defendant Kraco Enterprises LLC ("Kraco"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 16 and 26, and Civil L.R. 16-2(d), for an Order staying all discovery in the present action pending a ruling on Kraco's pending Motion

1  to Dismiss (Doc. No. 10), which may be dispositive on this case. This Motion is based on the
2  Memorandum of Points and Authorities herein, the pleadings and papers on file in this action,
3  such matters as the Court may take judicial notice, and argument and evidence to be presented at
4  the hearing on this Motion.

**RELIEF REQUESTED**

6  Kraco seeks a stay of discovery, and particularly, any obligation of Kraco to respond to
7  discovery served by plaintiff San Francisco Technology Inc. on May 6, 2011, until such time as
8  this Court rules on Kraco's pending motion to dismiss filed on May 2, 2011 (Doc. No. 10).

**MEMORANDUM OF POINTS AND AUTHORITIES**

10  **I.  STATEMENT OF ISSUES TO BE DECIDED**

11  Whether discovery in the present action should be stayed pending a ruling on Kraco's
12  Motion to Dismiss.

13  **II.  STATEMENT OF FACTS**

14  On January 25, 2010, San Francisco Technology, Inc. ("SFT") filed a Complaint (then
15  Case No. CV10-02994-JF) alleging that Kraco Enterprises LLC ("Kraco") and 24 other
16  defendants violated the false patent marking statute, and recited identical substantive allegations
17  regarding each of the defendants. Many of those defendants filed a motion to dismiss the
18  complaint on various grounds, including pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a
19  claim. During discussions between counsel for SFT and the defendants regarding a stipulation for
20  a single hearing date on all of the motions, the defendants requested that discovery be stayed until
21  after a ruling on the motions, but SFT would not agree to such a stay. A number of the
22  defendants, including Kraco, then jointly filed on September 15, 2010 a Motion to Stay Discovery
23  Pending Resolution of Motions to Dismiss and Transfer (Doc. No. 231 in Case No. CV10-02994-
24  JF). On February 28, 2011, Judge Fogel Ordered that "the motion to stay discovery pending
25  resolution of the motions to dismiss and to transfer will be GRANTED." (Doc. No. 414, Case
26  No. CV10-02994-JF, copy attached as Exhibit 1.)
27  On March 16, 2011, Judge Fogel entered an Order (Doc. No. 7) dismissing the Complaint
28  against Kraco and the other moving defendants for failing to state a claim in accordance with Fed.

1  R. Civ. P. 9(b) and 12(b)(6). SFT filed an Amended Complaint on April 15, 2011 (Doc. No. 8)
2  again alleging false marking by Kraco. Because the Amended Complaint filed by SFT also fails
3  to state a claim for false marking, Kraco filed on May 2, 2011 a motion to dismiss the Amended
4  Complaint (Doc. No. 10), which motion also challenged the constitutionality of the false marking
5  statute and alternatively requested a stay of the present action pending a ruling on the
6  constitutional issue in a case pending before the Court of Appeals for the Federal Circuit.

7  Only after Kraco filed its Motion to Dismiss did SFT serve discovery requests on Kraco
8  on May 6, 2011, copies of which are attached as Exhibits 2 through 4.[1] On May 11, 2011,
9  counsel for Kraco contacted counsel for SFT and requested that SFT consent to stay discovery
10 pending a ruling on the motion to dismiss. Counsel for SFT refused to stay discovery.

11 **III. ARGUMENT**

12 The arguments presented to, and accepted by, Judge Fogel for staying discovery pending a
13 ruling on the initial motions to dismiss apply equally to deciding whether to grant the motion in
14 this case.[2] Specifically, a court may stay proceedings as part of its inherent power "to control the
15 disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
16 for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Further, "[a] district court has
17 broad discretion to stay discovery pending the disposition of a dispositive motion." *Hall v. Tilton*,
18 Case No. C 07-3233, 2010 U.S. Dist. LEXIS 11162, *4 (N.D. Cal. Feb. 9, 2010) (*citing Panola
19 Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)); *see also Jarvis v. Regan*,
20 833 F.2d 149, 155 (9th Cir. 1987). In fact, "discovery at the pleadings stage is only appropriate
21 where factual issues are raised by a Rule 12(b) motion." *Wagh v. Metris Direct, Inc.*, 363 F.3d
22 821, 829 (9th Cir. 2003) (finding no error in district court granting motion to dismiss for failure to
23 state a claim without allowing plaintiff discovery).[3] This Court also has the authority to stay

---

[1] Although the discovery is dated May 5, 2011, it was served by SFT on May 6, 2011, and Kraco's counsel did not receive the discovery until May 10, 2011.
[2] The Court will observe that Kraco is not the only defendant who is challenging the sufficiency of the amended complaints filed by SFT. The Court need merely look at the docket sheets of the other cases filed by SFT with this Court to see that nearly all of the defendants against whom an amended complaint has been filed have filed renewed motions to dismiss.
[3] Overruled on unrelated grounds in *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).

1  discovery pursuant to Civil L.R. 16.2(d), which authorizes the Court to manage the schedule of
2  cases before it in accordance with the circumstances of the case.

3        This Court has applied a two-prong test to determine whether there is "good cause" for
4  entry of a protective order staying discovery under Fed. R. Civ. P. 26(c). *Hall*, 2010 U.S. Dist.
5  LEXIS 11162, at *4. First, "the pending motion must be potentially dispositive of the entire case,
6  or at least dispositive on the issue at which discovery is directed." *Id*. Here, the Amended
7  Complaint asserts a single claim of false patent marking and no other counts. Thus, Kraco's
8  Motion to Dismiss is potentially dispositive of the sole count of the Amended Complaint and the
9  first prong of the test is met.

10        The second prong of the test is that Court is able to decide the pending dispositive motion
11  absent discovery. *Id.* In the present case, it is clear that no discovery is needed (or could be
12  considered) in determining whether the Amended Complaint fails to state a claim because
13  "[g]enerally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P.
14  12(b)(6) motion." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1948, 1052 (9th
15  Cir. 2007). It is equally clear that no discovery is needed for the Court to rule on the
16  constitutional issue as that issue relates solely to the statute and not the specific facts of this case.
17  Thus, the second prong is also satisfied warranting entry of a stay of discovery in this case.

18        A stay of discovery would serve the interests of efficiency and judicial economy. In
19  particular, because the motion to dismiss is potentially dispositive, SFT and Kraco would avoid
20  the need to gather documents and other information in order to respond to discovery on claims
21  that do not proceed past the pleadings stage. The Court would also avoid the need to intercede
22  and decide any discovery issues that arise from such claims. And, quite frankly, in a *qui tam*
23  action like this, it is the defendant, such as Kraco, that stands to bear the more significant burden
24  of discovery because few, if any, operative facts are in the unique possession of the plaintiff.
25  Thus, granting a stay would minimize that burden and would significantly and positively impact
26  the overall efficiency of the case. Finally, a stay of discovery would not prejudice SFT or the
27  public. SFT only seeks monetary penalties, and then not due to a harm caused to it, but as a share
28  of a penalty that would be due only to the US. A stay of discovery would not impair its ability to

1 seek those penalties later. There is simply no harm that would be suffered by SFT if discovery is
2 stayed while this Court considers Kraco's Motion to Dismiss.

### IV.  CONCLUSION

For all the foregoing reasons, Kraco respectfully requests that this Court stay discovery pending a ruling on Kraco's Motion to Dismiss.

Dated: May 12, 2011           By:    /s/ Theodore R. Remaklus
                                     Theodore R. Remaklus
                                     WOOD, HERRON & EVANS, L.L.P.

                                     Attorneys for Defendant
                                     KRACO ENTERPRISES LLC

**Certificate of Service**

The undersigned certifies that on May 12, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

                                                                                  WOOD, HERRON & EVANS, L.L.P.

Dated: May 12, 2011                     By:    /s/ Theodore R. Remaklus
                                                                                    Theodore R. Remaklus