Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
           blemke@mount.com

Counsel for San Francisco Technology Inc.

United States District Court
Northern District of California, San Jose Division

| San Francisco Technology Inc. | Case No. 5:11-cv-00355-EJD |
|---|---|
| Plaintiff | **Plaintiff's Opposition to Kraco's Motion to Stay Discovery** |
| vs. | Date:    June 7, 2011 |
| Kraco Enterprises LLC | Time:    10:00 a.m. |
| | Room:   Courtroom 1, 5th Floor |
| Defendant | Judge:   Edward J. Davila |

## I. Introduction

Kraco Enterprises LLC's ("Kraco") motion to stay discovery is unwarranted and Kraco has failed to carry its heavy burden of showing good cause for a stay. SF Tech is entitled to "the just, speedy, and inexpensive" adjudication of its claims, and a stay would frustrate that public policy.[1]

In part, Kraco's motion for a stay fails because the requested stay would last until its motion to dismiss is resolved, and that motion lacks merit. In that motion, Kraco suggests that SF Tech's complaint lacks the specificity required by Rule 9 and, in a hail mary, argues that 35 U.S.C. § 292 is unconstitutional. Kraco's arguments run contrary to the numerous courts that have held SF Tech's allegations to be sufficient and the statute constitutional.

It would be uncommon at best to stay discovery while a motion to dismiss is pending. Speculative predictions that Kraco will succeed on its motion to dismiss is no basis to stay legitimate discovery. The motion to stay must be denied.

## II. Kraco's requested stay should be denied

### A. Kraco has not shown good cause for obtaining a stay

In order to obtain a protective order for a stay of discovery under Federal Rule of Civil Procedure 26(c), the moving party must provide "good cause" for seeking the stay.[2] As a rule, "good cause" is present only where "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3] As such, the moving party "carries a heavy burden of making a 'strong showing.'"[4] A party seeking a stay of discovery must show, not only good cause, but also proof of hardship or inequity that will justify the request.[5]

The mere filing of a motion to dismiss does not warrant the issuance of a stay; there must be more.[6] It is very unusual for a stay to be imposed simply because a motion to dismiss is pending.[7] Motions to dismiss are common, but stays are rare. As this court noted in *Gray v. First Winthrop*,

---

[1] Fed. R. Civ. Proc. 1
[2] *Hall v. Tilton*, 2010 U.S. Dist. LEXIS 11162, *4 (N.D. Cal. Feb. 8, 2010)
[3] *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995)
[4] *Skellerup*, 163 F.R.D. at 601 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975))
[5] *SEC v. Berry*, 2009 U.S. Dist. LEXIS 65061, *3-4 (N.D. Cal. July 14, 2009) (Lloyd, J.)
[6] *U.S. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999)
[7] *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (Vukasin, J.); *see also, e.g., Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery")

1  "[h]ad the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay
2  discovery, the Rules would contain a provision for that effect."[8]

3  The *Gray* holding is consistent with other courts, including others in this District, that
4  acknowledge a district court's wide discretion in supervising discovery but also recognize that
5  motions seeking a blanket stay on discovery are viewed with disfavor.[9]  In *White v. E-Loan*, the
6  defendants requested to stay discovery while the court determined a threshold issue necessary to the
7  litigation.  The *White* court explained that motions to stay discovery "are disfavored because
8  discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the
9  future."[10]  The Court stressed that, "before a stay can be issued, the moving party must meet a "heavy
10 burden of making a 'strong showing' why discovery should be denied ... [by showing] a particular or
11 specific need for the stay, as opposed to making stereotyped or conclusory statements."[11]

12 Kraco has failed to demonstrate any good cause for staying discovery.  Courts have
13 considered the breadth of discovery sought and the burden that would be imposed on the parties
14 responding to the proposed discovery in determining whether there is "good cause" for a stay.[12]
15 Kraco's motion to stay is unwarranted at best, given the fact that SF Tech's propounded discovery is
16 narrowly tailored to the facts of this case and far from burdensome.  As a result, the breadth of
17 discovery is minimal and the burden imposed is inconsequential given that this case was filed nearly
18 one year ago.  There is no reasonable basis for Kraco to argue the propounded discovery will subject
19 it to "annoyance, embarrassment, oppression, or undue burden or expense."[13]  The breadth of
20 discovery sought and the potential burden imposed are both minimal.  Moreover, although Kraco is
21 correct as a formal doctrinal matter that its discovery responses would not be considered in
22 opposition to its Rule 12(b)(6) motion, the information that SF Tech obtains in those responses would
23 be used in an amended complaint if one becomes necessary.  This court must give SF Tech leave to
24 amend the complaint if Kraco's motion to dismiss is granted, so the discovery currently pending

---

[8] *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Skellerup*, 163 F.R.D. at 601
[9] *See Qwest Comms., Corp., v. Herakles, LLC*, 2007 WL 2288299, at *2 (E.D. Cal. Aug. 8, 2007); *White v. E-Loan, Inc.*, 2006 WL 2850041 at *2 (N.D. Cal. Oct. 5, 2006) (Illston, J.)
[10] *White*, 2006 WL 2850041 at *2
[11] *White*, 2006 WL 2850041 at *2
[12] *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, 2009 U.S. Dist. LEXIS 7905, *3 (S.D.N.Y. Feb. 3, 2009)
[13] Fed. R. Civ. Proc. 26(c)

1 would be used in this litigation even if Kraco's motion to dismiss is granted.

2 This is clearly not a case where justice requires Kraco to be protected from an onerous and
3 oppressive burden — because the burden is inconsequential. If anything, it is SF Tech that needs to
4 be protected from the annoyance, oppression, and undue burden that would be caused by the
5 unwarranted stay requested by Kraco.

### B. Kraco's motion to dismiss lacks merit

There is no merit to the pending motion to dismiss that is Kraco's chief reason for this motion to stay discovery. Courts have already considered and rejected the constitutional arguments raised. With respect to the sufficiency of the pleading, three courts on four occasions have already considered motions to dismiss that are substantially identical Kraco's motion in this case and held that SF Tech's similar — but far less detailed — complaints in those cases meet the heightened pleading standard of Rule 9(b) and *BP Lubricants*.

The complaint in this case meets the standard set by Rule 9 of the Federal Rules of Civil Procedure (as applied by the Federal Circuit in *BP Lubricants*) because it alleges the defendant's wrongful conduct in detail. This court reached this conclusion in April 2010, when it heard motions to dismiss that are substantially identical to Kraco's motion to dismiss.[14] This court reached this conclusion again recently when it examined the complaint in *SF Tech v. Super Swim*.[15] This court is in good company. The Northern District of Georgia and the Northern District of Illinois both reached the same conclusion when they examined substantially similar, but far less detailed, complaints in *SF Tech v. Cooper Lighting* and *SF Tech v. Sunstar*.[16]

Just as in *Adobe*, *Super Swim*, *Cooper Lighting*, and *Sunstar*, SF Tech's complaint against Kraco identifies each marked product, quotes the text of each false marking, and alleges that the marking occurred after the listed patents had expired. Kraco does not suggest that any reasonable basis existed at the time of its markings to believe those markings were truthful. Therefore, under Federal Circuit caselaw, these facts create a presumption that Kraco applied the false markings for

---

[14] Transcript of Hearing at 10:15–24, April 8, 2011, *San Francisco Technology, Inc. v. Adobe Systems, Inc., et al.*, Northern District of California, Case 5:09-cv-06083-RS, provided as Request For Judicial Notice (RJN) Exhibit 1; *Adobe* Complaint provided as RJN Exhibit 2
[15] Order granting motion for judgment, *San Francisco Technology Inc. v. Super Swim Corp.*, Case No. 5:10-cv-01655-RS (N.D. Cal.), provided as RJN Exhibit 3
[16] *San Francisco Technology v. Sunstar Americas Inc.*, 2011 U.S. Dist. Lexis 7870 (N.D. Ill. 2011); RJN Exhibits 4–6

1 the purpose of deceiving the public. Even if this presumption did not apply, however, the complaint

2 would still be sufficient because Rule 9(b) expressly permits that "intent, knowledge, and other

3 conditions of a person's mind may be alleged generally."

4     Kraco's motion to dismiss also argues that the false marking statute violates the Take Care

5 Clause of the United States Constitution. Many courts have already analyzed this issue and

6 determined the statute to be constitutional.[17] Only one court has taken seriously the constitutional

7 argument that Kraco raises. In *Unique Product Solutions v. Hy-Grade Valve*,[18] Judge Polster of the

8 Northern District of Ohio concluded that § 292 does violate the "Take Care" clause of the

9 constitution. However, the aptly-named *Unique* court stands alone among all other courts that have

10 considered this question. Moreover, Judge Polster exhibited significant negative preconceptions

11 about the public policy underlying the false marking statute and its constitutionality. The defendant

12 had not challenged the constitutionality of the statute until Judge Polster asked it to do so. After

13 being informed that the United States wished to intervene in the case to defend the constitutionality

14 of § 292, Judge Polster granted the motion before the United States had intervened.

15     SF Tech can think of no better name than *Unique* for that case, because it stands alone among

16 overwhelming contrary authority. Many other courts have examined the same constitutional

17 question, and every one of them held that the false marking statute does not violate Article II.[19] Even

18 after the *Unique* decision issued, at least two courts have reached the correct conclusion that there is

19 no constitutional problem.[20] One of those courts wrote that the *Unique* court was simply incorrect.[21]

20 It is hardly surprising that one court might reach an incorrect conclusion when hundreds of patentees

21 are throwing up the same "hail mary" constitutional argument at the same time when they are all

---

[17] *See, e.g., Public Patent Found. v. GlaxoSmithKline Consumer*, 2011 U.S. Dist. LEXIS 30676, 10-12 (S.D.N.Y. Mar. 22, 2011); Opinion and Order, Docket No. 160, 7-10, *Hy Cite Corporation v. Regal Ware, Inc. et al,* Western District of Wisconsin, Case No. 3:10-cv-00168-wmc; *Shizzle Pop, LLC v. Wham-O, Inc.,* 2010 U.S. Dist. LEXIS 86924, 7-9 (C.D. Cal. Aug. 2, 2010); *Zojo Solutions, Inc. v. Stanley Works*, 712 F. Supp. 2d 756, 757 (N.D. Ill. 2010); *Pequignot v. Solo Cup Co.,* 640 F. Supp. 2d 714, 726-27 (E.D. Va. 2009)
[18] *Unique Product Solutions Ltd. v. Hy-Grade Valve Inc.*, 2011 U.S. Dist. Lexis 18237 (N.D. Ohio Feb. 23, 2011)
[19] *See e.g.*, *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009) (*Pequignot 2*); *Public Patent Foundation Inc. v. GlaxoSmithKline Consumer Healthcare*, 2011 U.S. Dist. Lexis 30676, 10–12 (S.D.N.Y. 2011); *Hy Cite Corporation v. Regal Ware, Inc.*, Western District of Wisconsin, Case No. 3:10-cv-00168-WMC (Opinion and Order, Docket No. 160, 7–10); *Shizzle Pop, LLC v. Wham-O, Inc.*, 2010 U.S. Dist. Lexis 86924, 7–9 (C.D. Cal. 2010); *Zojo Solutions, Inc. v. Stanley Works*, 712 F. Supp. 2d 756, 757 (N.D. Ill. 2010)
[20] *Public Patent Foundation*, 2011 U.S. Dist. Lexis 30676, 10–12; *Hy Cite*, Western District of Wisconsin, Case No. 3:10-cv-00168-WMC (Opinion and Order, Docket No. 160, 7–10)
[21] *Public Patent Foundation*, 2011 U.S. Dist. Lexis 30676, 10–12

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1 accused of false patent marking.

**C. Kraco's motion to dismiss would not be dispositive of this case**

A pending motion to dismiss based on the sufficiency of the allegations in a complaint does not provide "good cause" to stay discovery.[22] Kraco's motion to dismiss involves issues relating to the sufficiency of the allegations. Even if the issues in Kraco's motion to dismiss are resolved against SF Tech, those issues could be cured by an amended pleading.[23] Leave to amend must generally be granted if a shortcoming in the pleadings can be cured.[24] Since SF Tech is free to use the information obtained in discovery in any amended complaint, no party's discovery efforts would be wasted. In short, discovery should not be stayed in this case because even if Kraco's motion to dismiss is granted, there would be no final disposition of the case and the need for discovery would not be eliminated.

**III. Conclusion**

This court should not stay this case pending Kraco's motion to dismiss. SF Tech is entitled to timely relief, without undue delay. Accordingly, Kraco's motion to stay should be denied.

Date: May 31, 2011                     Mount, Spelman & Fingerman, P.C.,
                                       /s/ Daniel H. Fingerman
                                       Counsel for San Francisco Technology Inc.

---

[22] *U.S. v. County of Nassau*, 188 F.R.D. at 188 (E.D.N.Y. 1999) (finding an adequate showing of good cause in part because the motion to dismiss "does not involve issues relating to the 'sufficiency' of the allegations"); *see also Skellerup*, 163 F.R.D. at 601 (C.D. Cal. 1995) ("Factors the court should consider include: 'The type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations.'")

[23] *U.S. v. County of Nassau*, 188 F.R.D. at 188 (E.D.N.Y. 1999) (finding an adequate showing of good cause in part because the issue in the motion to dismiss "is one that in all likelihood cannot be cured by an amended pleading")

[24] *See e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1031 (9th Cir. 2009), *D-Beam v. Roller Derby Skate Corp.*, 316 Fed. Appx. 966, 969 (Fed. Cir. 2008)

**Certificate of Service**

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF). The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: May 31, 2011             Mount, Spelman & Fingerman, P.C.,
                                  /s/ Daniel H. Fingerman
                               Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False003\Attorney_Notes\Drafts\Kraco\Opposition to Motion to Stay Discovery.doc