IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY,<br><br>            Plaintiff(s),<br>   v.<br><br>KRACO ENTERPRISES LLC,<br><br>            Defendant(s). | NO. 5:11-cv-00355 EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>**[Docket Item No. 14]** |

Within this qui tam relator action, presently before the court is a Motion to Stay Discovery ("Motion") by Defendant Kraco Enterprises, LLC ("Kraco"). On May 31, 2011, Plaintiff San Francisco Technology, Inc. ("SF Tech") submitted written opposition to the motion as directed by the court in its order shortening time. Having reviewed both the moving and responding papers, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Thus, the hearing scheduled for June 7, 2011, is vacated and as discussed below, Kraco's Motion will be denied.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case presents a rather unusual procedural history and begins with reference to another case. On July 8, 2010, SF Tech commenced an action against twenty-five independent defendants

---

[1]This disposition is not certified for publication in the official reports.

1
Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

for violations of 35 U.S.C. § 292 (Case Number 5:10-cv-02994). In the complaint, SF Tech alleged that each of the seemingly unrelated defendants, including Kraco, had falsely marked its products with expired patents. Nearly all of the defendants challenged the sufficiency of the underlying complaint, requesting dismissal or transfer of venue. Kraco, for its part, filed a Motion to Dismiss on September 13, 2010, and joined in a Motion to Stay Discovery on September 15, 2010. In that particular motion, Kraco and its companion defendants argued a stay was appropriate to preserve resources while the dispositive motions remained pending.

As the case proceeded, many defendants were voluntarily dismissed from the collective action. Although Kraco had been ordered severed on September 28, 2010, the court (Judge Jeremy Fogel) nonetheless granted the Motion to Stay Discovery on February 28, 2011, finding the motion "well-taken." Shortly thereafter, the court granted the remaining requests to dismiss and transfer on March 16, 2011. After this case was commenced on January 25, 2011, SF Tech filed an Amended Complaint against Kraco on April 15, 2011. In response, Kraco filed a Motion to Dismiss on May 2, 2011. The hearing on that motion is currently scheduled for October 21, 2011.

On May 6, 2011, SF Tech served on Kraco three sets of discovery: (1) a Request for Production of Documents and Things, containing 12 demands; (2) Interrogatories, containing 13 questions; and (3) Requests for Admission, containing 23 demands. Kraco now seeks, as it did before, to stay this discovery pending a ruling on its Motion to Dismiss.

## II. LEGAL STANDARDS

This discussion must begin with the general standard applicable to discovery and to the limitations that may be imposed on these devices. Subject to the court's inherent power to control the proceedings before it, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

But while the scope of discovery is expansive, there are limits to its reach. Indeed, "[t]he

2
Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The requisite 'good cause' maybe shown "by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). In this circuit, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). Generalizations are not enough. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation and quotation marks omitted)).

If, after examining the basis for good cause, "'a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.'" Rivera, 364 F.3d at 1063-64 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)).

### III. DISCUSSION

As indicated previously, Kraco's current Motion requests a particular protective order: one to stay discovery pending a ruling on a potentially dispositive motion. In this context, the Ninth Circuit requires Kraco to make a "strong showing." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). This is because the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery, similar to the one requested here. In fact, district courts tend to look unfavorably upon such blanket stays. See, e.g., Seven Springs v. Fox Capital Mgmt. Corp., 2007 U.S. Dist. LEXIS 32068, at *2; see also Skellerup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted)).

3

Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

1 While the showing required must be strong, the Ninth Circuit Court of Appeals has yet to 2 provide a specific standard for the type of protective order requested here. In that absence, federal 3 district courts in California have applied a two-part test when evaluating a request for a stay 4 discovery during the pendency of a dispositive motion. See, e.g., Cal. Sportfishing Prot. Alliance v. 5 Chico Scrap Metal, Inc., Civ. No. S-10-1207 GEB GGH, 2011 U.S. Dist. LEXIS 6296, 2011 WL 6 130228, at *4 (E.D. Cal. Jan. 14, 2011) (unpublished); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. 7 Resource Dev. Servs., Inc., No. C 10-01324 JF (PVT), 2010 U.S. Dist. LEXIS 105100, 2010 WL 8 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (unpublished); Hall v. Tilton, No. C 07-3233 RMW (PR), 9 2010 U.S. Dist. LEXIS 11162, 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (unpublished); 10 Quest Commc'ns Corp. v. Herakles, LLC, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299, at *2 11 (E.D. Cal. Aug. 8, 2007) (unpublished); Seven Springs, 2007 U.S. Dist. LEXIS 32068, 2007 WL 12 1146607, at *1-2; Quair v. Bega, 388 F. Supp. 2d 1145, 2005 WL 552537, at *2 (E.D. Cal. 2005) 13 (unpublished); Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 220 F.R.D. 349, 352 14 (N.D. Cal. 2003); Lowery v. FAA, No. CIV.S93 1352EJG/GGH, 1994 WL 912632, at *3 (E.D. Cal. 15 Apr. 11, 1994) (unpublished). First, the pending motion must be potentially dispositive of the entire 16 case, or must at least be dispositive on the issue to which the discovery is aimed. Second, the court 17 must determine whether the potentially dispositive motion can be decided without the discovery. A 18 protective order may issue if the moving party satisfies both prongs.

19 Looking at the first prong of the test, there is little dispute that Kraco's Motion to Dismiss, if 20 granted, would be dispositive. The Amended Complaint contains only one count of false patent 21 marking, which Kraco has challenged pursuant to Federal Rule of Civil Procedure 9(b). In addition, 22 Kraco argues the false marking statute, 35 U.S.C. § 292, is unconstitutional. Granting Kraco's 23 motion on either basis would dispose of this case completely. Kraco, therefore, meets its burden for 24 this portion of the test.

25 Turning to the second prong, both parties appear in agreement that Kraco's pending Motion 26 to Dismiss can be decided without the discovery at issue. In fact, no discovery is necessary since,

4
Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

1  "[g]enerally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P.
2  12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc. 499 F.3d 1048, 1052 (9th Cir.
3  2007). This remains true even with the constitutional challenge raised by Kraco in the Motion to
4  Dismiss. Resolution of that question will not require the court to examine the responses to the
5  particular discovery propounded by SF Tech. It is an issue centered solely on the statute - not on the
6  underlying facts of this case. Therefore, at least on a superficial level, Kraco has provided some
7  support for its position on this prong.

8  But delving into this matter further, SF Tech's position is far stronger. In its opposition, SF
9  Tech argues the discovery would not be wasted even if the Motion to Dismiss is granted since it
10 could utilize the discovery responses to prepare an amended pleading. While SF Tech assumes it
11 would be granted leave to amend in making this argument, such an assumption is not unreasonable
12 considering both the liberality with which leave to amend is granted and the nature of Kraco's
13 challenge to the Amended Complaint under Federal Rule of Civil Procedure 9(b) as applied by In re
14 BP Lubricants USA Inc., Misc. Docket No. 960, 2011 U.S. App. LEXIS 5015 (Fed. Cir. March 15,
15 2011). The discovery sought by SF Tech would certainly allow for a more detailed complaint as
16 required by the Federal Circuit, and would assist in expediting a case which has now been pending
17 for over one year. While the court is mindful of Kraco's constitutional claim and the effect it would
18 have on this proceeding, the chances of success on this claim are unlikely in light of the
19 determinations of other courts on this issue. See, e.g., Public Patent Found. v. GlaxoSmithKline
20 Consumer, 2011 U.S. Dist. LEXIS 30676, 10-12 (S.D.N.Y. Mar. 22, 2011); Shizzle Pop, LLC v.
21 Wham-O, Inc., 2010 U.S. Dist. LEXIS 86924, 7-9 (C.D. Cal. Aug. 2, 2010); Zojo Solutions, Inc. v.
22 Stanley Works, 712 F. Supp. 2d 756, 757 (N.D. Ill. 2010); Pequignot v. Solo Cup Co., 640 F. Supp.
23 2d 714, 726-27 (E.D. Va. 2009). Therefore, there is greater benefit to allowing discovery to proceed
24 at this time even though such discovery is not required to resolve Kraco's Motion to Dismiss as it
25 would promote the court's interest, as well as that of the public, in judicial efficiency and timely
26 resolution of litigation.

5
Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

As an additional matter, the court recognizes that the discovery sought by SF Tech is neither oppressive nor burdensome on Kraco. The three sets of discovery are not extensive, and each appears tailored to the limited issues presented by this case. Other than generalizations, Kraco has not identified any particular harm or undue expense that would come by providing the discovery responses at this time. In the absence of such a showing, the court can only assume that no such harm or expense exists.

Having examined the relevant information, the court finds that Kraco's reasons for a protective order are outweighed by other interests, particularly that related to timely resolution of this case. Although Kraco's arguments meet the applicable two-pronged test, they are simply broad allegations of inconvenience. Kraco, therefore, has failed to meet the entirety of its burden. It is clear that the discovery at issue will not be wasted and does not seriously prejudice Kraco such that it should be abated during the pendency of the motion to dismiss. Accordingly, the court declines Kraco's request for a stay.

### IV. ORDER

Kraco's Motion for a protective order staying discovery is DENIED.

IT IS SO ORDERED.

Dated: June 6, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Korula T. Cherian cheriank@howrey.com
Daniel Harlan Fingerman dfingerman@mount.com
Sarah Minchener Jalali sarah.jalali@hoganlovells.com
Benjamin Ross Lemke blemke@mount.com
Michael Thomas Pyle michael.t.pyle@usdoj.gov
Theodore R. Remaklus tremaklus@whepatent.com
Kathryn G. Spelman kspelman@mount.com
Robert Scott Wales scott.wales@hoganlovells.com

**Dated: June 6, 2011**               **Richard W. Wieking, Clerk**

                                      **By:    /s/ EJD Chambers**
                                              **Elizabeth Garcia**
                                              **Courtroom Deputy**

Case No. 5:11-cv-00355 EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (EJDLC1)

7